LAURENCE S. ZAKSON (CSB 119435),
Email: laurencez@rac-law.com
NATALIA BAUTISTA (SBN 245669),
Email: nataliab@rac-law.com
MICHAEL BARTH (SBN 329507)
Email: michaelb@rac-law.com
REICH, ADELL & CVITAN, A Professional Law Corporation
330 N. Brand Boulevard, Suite 250, Glendale, California 91203
Telephone: (213) 386-3860; Facsimile: (213) 386-5583

Attorneys for Plaintiffs Trustees of the Laundry and Dry Cleaning Workers Local No. 52 Health and Welfare Trust Fund

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE LAUNDRY AND DRY CLEANING WORKERS LOCAL NO. 52 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>ALSCO UNIFORMS, a Nevada corporation,<br><br>Defendant. | CASE NO.<br><br>COMPLAINT FOR:<br><br>1. MONETARY DAMAGES DUE TO EMPLOYEE BENEFIT PLAN PURSUANT TO COLLECTIVE BARGAINING AND PLAN TRUST AGREEMENTS<br><br>[29 U.S.C. § 1132(a)] |

Plaintiff alleges as follows:

# **INTRODUCTION**

1. This action is brought by the Trustees of the Laundry and Dry Cleaning Workers Local No. 52 Health and Welfare Trust Fund (hereinafter "WELFARE FUND"), who as fiduciaries of an express trust and on behalf of the WELFARE FUND, bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") § 502(a), 29 U.S.C. § 1132(a), against defendant, ALSCO

UNIFORMS ("EMPLOYER") in accordance with the terms and conditions of the WELFARE FUND, collective bargaining agreements to which the EMPLOYER is bound and applicable statutes to: (a) recover unpaid monthly employee fringe benefit contributions and related damages due to the WELFARE FUND by the EMPLOYER.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185. Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district for each of the following reasons: the WELFARE FUND is administered in this district; the EMPLOYER'S performance and breach took place in this district; and the EMPLOYER resides or may be found in this district.

## PARTIES

3. Trustees of the WELFARE FUND are fiduciaries of an express trust created pursuant to collective bargaining agreements and an express trust agreement. The WELFARE FUND is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002 (1), an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and a multi-employer plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). The WELFARE FUND is a joint-managed trust in accordance with LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), created pursuant to collective bargaining agreements between the Workers United, Western States Regional Joint Board, Local No. 52 ("UNION" or "JOINT BOARD") and various employers. The WELFARE FUND is administered in the County of Los Angeles, State of California. Plaintiffs bring this action solely in their fiduciary capacity, on

behalf of the WELFARE FUND.

4. Plaintiffs are informed and upon that basis allege that the Defendant, ALSCO UNIFORMS (hereinafter "ALSCO" or "EMPLOYER"), is a corporation, which is organized and exists under the laws of the State of Nevada, has its principal place of business in city of Salt Lake City, Utah, and is, or at relevant times was, an employer doing business in California. Defendant is an "employer" in an industry affecting commerce within the meaning of LMRA §§ 2(2) and 301(a), 29 U.S.C. § 152(2) and § 185(a), and ERISA § 3(5), 29 U.S.C. §§ 1002(5), specifically the laundry and dry cleaning industry.

## OTHERS

5. Workers United, Western States Regional Joint Board, Local No. 52 (hereinafter "JOINT BOARD" or "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce. The UNION is not a party to this action.

## AGREEMENTS

6. At all times mentioned, EMPLOYER was and continues to be signatory to a written Collective Bargaining Agreement with the UNION (hereinafter "CBA"), as well as the trust agreement of the WELFARE FUND (hereinafter "Trust Agreement"). The Trust Agreement incorporates, by reference, the WELFARE FUND'S Audit, Collection, and Delinquency Procedures ("Collection Procedures"). The CBA, Trust Agreement and Collection Procedures are referred to collectively hereinafter as the "Agreements."

/ / /
/ / /
/ / /
/ / /
/ / /

# FIRST CLAIM FOR RELIEF
## CONTRIBUTIONS OWED TO THE WELFARE FUND
## (AGAINST EMPLOYER)
## [29 U.S.C. §§ 185 and 1145]

7. Plaintiffs repeat, reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 6 above.

8. The Agreements require ALSCO to submit reports with appropriate contributions on the 10th day of the month ("Monthly Contributions"), on behalf of all covered employees who were employed on the first (1st) working day of the preceding calendar month and who have been on the payroll a full calendar month including the first (1st) working day of the month. Reports and contributions are considered delinquent if not received or postmarked by the 20th of the month. The WELFARE FUND depends on the truthfulness and accuracy of these reports to determine the amount of contributions due and the credit to be given employees toward benefits.

9. Recognizing that the regular and prompt payment of contributions and the furnishing of reports is essential to the maintenance of the WELFARE FUND, and that it would be extremely difficult, if not impractical, to fix the actual expense and damages to the WELFARE FUND and the participants which would result from the failure of an employer to provide reports and contributions on time, the Agreements set the amount of 20% of the delinquent contributions as liquidated damages, not a penalty, for the failure to submit reports and contributions on time.

10. The Agreements provide that if an employer is delinquent in submitting its reports and/or contributions it will pay in addition to the delinquent contributions, interest on those contributions assessed at the annual prime rate plus 2%; liquidated damages; reasonable attorneys' fees; costs of suit; and such other legal or equitable relief as the court deems appropriate.

11. The Agreements give the Trustees of the WELFARE FUND and their agents the authority to audit the books and records of contributing employers, and to require

-4-

1 that employer to pay the cost of that audit, if a delinquency is found.

## BREACH OF AGREEMENTS

12. Plaintiffs are informed and believe and based on such information and belief allege that EMPLOYER employed employees who performed services covered by the Agreements and failed to pay the rates specified in the Agreements to the WELFARE FUND on behalf of those employees performing services covered by the Agreements. The amounts claimed to be owed on behalf of the employees were discovered when the audit of EMPLOYER's records was completed.

## DAMAGES

13. As a result of EMPLOYER's failure to pay the rates specified in the Agreements, Plaintiffs are informed and believe and thereupon allege that there is now owing and unpaid to the WELFARE FUND from EMPLOYER, during time period from January 1, 2019 to December 31, 2020, damages in the sum of at least $55,816.01 consisting of (1) fringes of $39,590.00, (2) liquidated damages of $7,918.00, and (3) interest on unpaid amounts in the amount of $8,308.01 calculated through November 13, 2024 which continues to accrue thereafter calculated based on the annual prime rate plus 2%, until payment of the Monthly Contributions are paid. Additional amounts may be discovered as due and owing by EMPLOYER, and said amounts, including Monthly Contributions, liquidated damages, audit fees, and interest on the additional amounts owed at the plan rate(s) will be subject to proof at the time of trial or other hearing.

14. The failure of the EMPLOYER to pay Monthly Contributions when due causes harm to the WELFARE FUND and its participants, which is impractical to accurately quantify. This may include the cost of collecting the Monthly Contributions from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late Monthly Contributions, the temporary loss of insurance coverage by employees (even if later restored) and

medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay Monthly Contributions. The liquidated damages provision of the Agreements was meant to compensate for this unquantifiable loss.

15. It has been necessary for the WELFARE FUND to engage counsel to bring this action to compel compliance with the Agreements which provide that in the event litigation is necessary with respect to any of the fringe benefit Monthly Contributions, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

16. Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the WELFARE FUND not only for the amount of the delinquent amounts owed but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

WHEREFORE, Plaintiff prays for judgment against EMPLOYER as follows:

**FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF**

A.      For the sum of $39,590.00 for delinquent fringe benefit Monthly Contributions and $7,918.00 in liquidated damages pursuant to the Agreements and 29 U.S.C. §§ 1132(g)(2)(A), 1132(g)(2)(C), and 1132(g)(2)(E);

B.      For interest on the delinquent Monthly Contributions in the amount of $8,308.01 through November 13, 2024 as required by the Agreements and pursuant to 29 U.S.C. § 1132(g)(2)(B), plus additional accrued interest thereafter at the plan rate;

C      For any additional amounts owed by EMPLOYER, including Monthly Contributions, liquidated damages, audit fees, or any other fees/costs incurred by the WELFARE FUND as a result of the submission of checks not honored by the bank upon which they were drawn, plus interest at the plan rate(s) currently at the annual

plan rate plus 2% pursuant to the Agreements and 29 U.S.C. §§ 1132(g)(2) and 1145, according to proof at the time of trial and/or other hearing.

  D. For reasonable attorney fees and costs of suit as required by the Agreements and 29 U.S.C. § 1132(g)(2)(D);

  E. For such other and further relief as the Court deems proper.

Respectfully Submitted,

Dated: March 6, 2025

LAURENCE ZAKSON,
NATALIA BAUTISTA, and
MICHAEL BARTH, Members of
REICH, ADELL & CVITAN
A Professional Law Corporation

By: _____
  NATALIA BAUTISTA
  Attorneys for Plaintiff